[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant, whose maiden name is Luann Pelletier were married on June 2, 1979 in Meriden, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately prior to the date of the filing of the complaint. The marriage between the parties has broken down irretrievably without reasonable prospects of reconciliation. There are three minor children issue of the marriage: Sean P. Sullivan, born March 23, 1982; Kaitlin G. Sullivan, born January 18, 1986; and Marleigh, born February 12, 1990. No other minor children have been born to the defendant wife since the date of the marriage of the parties. Neither of parties has received state assistance.
The plaintiff is forty-three and the defendant is forty. They are both in good physical health. The defendant is a Licensed Practical Nurse and has a strong work ethic. Except for the time immediately after delivery of their three children, she worked the night shift at Danbury Hospital in excess of nineteen years. The marriage is of nineteen years duration.
The plaintiff is educated as an engineer and admits to earning $400 per week gross. He has had an ongoing illicit relationship since 1995, and now lives with the same woman since the commencement of their relationship. The Court finds that the defendant has proved by a fair preponderance of the evidence that his conduct was the primary cause of the breakdown of the marriage. He complained about her weight and was generally uncommunicative.
The plaintiff claims that he earns $10 per hour gross from his business. He pays his girlfriend, who works for him, $380 per week. He is in good physical health and is a talented carpenter. Obviously, if he were to work for someone else, he would probably double his hourly rate. The Court finds that the plaintiff has a far greater earning capacity and can earn substantially more than the gross earnings of $400 per week that he reports. The CT Page 12954 plaintiff has experience as a trailer truck operator and has the potential to earn substantially more in that capacity and in several other capacities. The Court enters the following orders:
A. BY WAY OF DISSOLUTION
The marriage between the parties is dissolved, and each party is declared to be single and unmarried.
B. BY WAY OF CUSTODY AND VISITATION
The defendant shall have sole custody of the three minor children, and the plaintiff shall have reasonable, liberal and flexible visitation.
C. BY WAY OF SUPPORT
The Court orders that the plaintiff pay to the defendant by way of support the sum of $150 weekly by contingent wage execution. The Court finds that the plaintiff has a greater earning capacity and thus the Court is ordering an upward deviation from the child support and arrearage guidelines pursuant to § 46b-215a-3(b)(1)(b) of the Connecticut General Statutes.
D. BY WAY OF ALIMONY
The plaintiff shall pay to the defendant as and for periodic alimony the sum of $446.89 per month which represents the payment on the current existing second mortgage on the marital property, payable to Western Federal Credit Union, with a balance of $27,785. The plaintiff shall have the right to deduct said payment from his future income taxes, and the defendant shall have said income included in her taxes. The defendant shall have the right to deduct the interest with respect to said mortgage. Said alimony shall be payable until said mortgage is paid in full. If the defendant elects to sell the property or refinance same and the mortgage has to be paid off in full, then the balance due at that time shall be considered alimony and the then amount owing shall be payable by the plaintiff to the defendant over a period of an additional ten years and shall be amortized for a ten year period as to principal and at an interest rate of 7 percent. The term of said alimony shall be until the loan is paid in full and shall be non-modifiable. CT Page 12955
F. MISCELANEOUS ORDERS
The plaintiff shall retain his business and all equipment, cash value of any life insurance policies and any bank accounts. The defendant shall retain her TSA Traveler's account, her Danbury Hospital pension, her life insurance cash value, and any bank accounts that she may have. The plaintiff shall pay to the defendant the sum of $514 which represents one-half of past orthodontia charges within sixty (60) days of the date of judgment. The plaintiff shall name the defendant as trustee for the children on all of his insurance policies and maintain same in force and effect without any further borrowing until the youngest child is age eighteen. The defendant shall continue to maintain medical insurance for the benefit of the children as available through her employment. The plaintiff shall pay half of all unreimbursed costs for the children's medical, dental or other related care including orthodontia past, present and future, optical and psychological, if necessary. If for some reason insurance is not available through defendant's employment, the plaintiff shall immediately provide comparable medical insurance for the minor children.
The defendant is entitled to the IRS refund for the years 1995 and 1996. The defendant shall file, no later than December 31, 1998, the tax return for the year 1994, and she shall file same as a joint return with the cooperation of the plaintiff. The defendant will be responsible for any tax due with interest for the 1994 return.
The plaintiff shall be responsible for the removal of oil drums and any environmental cleanup necessary to eliminate potential contamination at the real estate presently owned by the defendant, and shall complete same within six months from date of judgment.
Owens, J.